Lewis W. Olliffe, J.
Motion by defendant for an order vacating service of the summons and complaint or, in lieu thereof, dismissing the complaint upon the ground the defendant is a foreign corporation which does not do business in the State of New York and is not subject to process in this State.
The action is one in negligence for personal injuries allegedly sustained by plaintiff Lillian Greenberg, a resident of the State of New York, while a guest at a hotel in the State of New Jersey owned and operated by the defendant, a New Jersey corporation.
Prior to the enactment of CPLB 302, hereinbelow discussed, the courts of this State predicated their exercise of in personam jurisdiction over foreign corporations upon a determination that the corporation’s activities in New York State amounted to “ doing business ” in the State, so that it could be said that the defendant was “ present ” here. Sundry acts or activities within this State, including mere solicitation, conducted by or on behalf of foreign corporations, have been held to be insuffi *183 cient to constitute "doing business ” here and hence insufficient as a basis for the exercise by the New York courts of personal jurisdiction over the foreign corporation. (See Miller v. Surf Props., 4 N Y 2d 475; Fremay, Inc. v. Modern Plastic Mach. Corp., 15 A D 2d 235, 240-241.)
It is the contention of the defendant in the instant case that its contacts with New York were not of such a nature or extent as to be embraced within the concept of “ doing business ” in New York as that term has been construed and applied by the courts of this State. Plaintiff, however, does not purport to rely upon the ‘1 doing business ’ ’ doctrine; she urges instead that jurisdiction attaches in this case by virtue of 302 of the Civil Practice Law and Buies.
302, known as the ‘1 single-act statute ’ ’, in substance provides, so far as it pertains to the issues raised upon the instant motion, that a court may exercise personal jurisdiction over a nondomiciliary (including a foreign corporation not licensed to do business in the State) as to a cause of action arising from the transaction of any business within this State (subd. [a], par. 1) or the commission of a tortious act, other than defamation, within this State (subd. [a], par. 2). It is plaintiff’s contention that the defendant’s contacts with New York were such as amounted to the transaction of business in this State within the ambit of 302 and that the alleged tort arose from the transaction of such business.
Defendant interposes the objection that 302 is on its face inapplicable because paragraph 2 of subdivision (a) confers jurisdiction only as to tortious acts committed within this State whereas the tort complained of in the instant case occurred outside the State. This objection in my opinion lacks merit. The language of 302 is broad enough to encompass within the operation of that statute a cause of action for a tort committed outside this State where the tort arises from the transaction of business within the State. Of significance in this connection are the Advisory Committee Notes appended to 302, as set forth in the New York Standard Civil Practice Service (The Lawyers Cooperative Publishing Co.), wherein it is stated that an action excluded under paragraph 2 would be within paragraph 1 if it arose from defendant’s transaction of business within the State.
The question that remains to be determined then is whether there was within the ambit of 302 (subd. [a], par. 1) a transaction of business within the State giving rise to the cause of action in tort upon which the present suit is based. It is unquestioned that under 302 (subd. [a], par. 1) considerably less *184 in the way of contacts with New York is required for personal jurisdiction to attach in this State, than is required under the doing business concept. (See Steele v. De Leeuw, 40 Misc 2d 807; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 302.01.) 302 is designed to take advantage of the constitutional power of the courts of this State to subject nonresidents to personal jurisdiction to the extent permitted to the States by the United States Supreme Court interpretation of the due process clause of the Constitution. It is significant in this regard that section 17 of the Illinois Civil Practice Act, upon which 302 of the CPLR is modeled, is said by the Illinois Supreme Court to “ reflect a conscious purpose to assert jurisdiction over nonresident defendants to the extent permitted by the due-process clause.” (Nelson v. Miller, 11 Ill. 2d 378, 389.)
The United States Supreme Court has held that due process is satisfied if a defendant has ‘ ‘ certain mirnrrmm contacts with [the State of the forum] such that the maintenance of the suit does not offend ‘ traditional notions of fair play and substantial justice.’” (International Shoe Co. v. Washington, 326 U. S. 310, 316; see McGee v. International Life Ins. Co., 355 U. S. 220, 222.) In the McGee case the United States Supreme Court made the following observations (pp. 222-223): “Looking back over this long history of litigation a trend is clearly discernible toward expanding the permissible scope of state jurisdiction over foreign corporations and other nonresidents. In part this it attributable to the fundamental transformation of our national economy over the years. Today many commercial transactions touch two or more States and may involve parties separated by the full continent. With this increasing nationalization of commerce has come a great increase in the amount of business conducted by mail across state lines. At the same time modern transportation and communication have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity.”
'Continuing, the court pointed out with respect to the case before it (p. 223): “ It is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with ’ ’ the forum State.
Turning to the motion in the case at bar, it is noted that while the defendant conclusorily states that it does not do business within the State of New York, it does not deny or seek to refute assertions contained in the opposing affidavits submitted by plaintiffs, which indicate the following: That the defendant solicited customers or patrons in New York through advertisements in the New York Times and other publications circulating *185 in this State; that these advertisements, as well as the regular and classified Manhattan telephone directories in this State, listed the name and location of defendant’s hotel, together with a New York City telephone number which provided direct telephonic connection with a hotel clerk in West End, New Jersey, where the defendant’s hotel is located; that this telephonic connection between New York and defendant’s hotel was utilized by the defendant in the regular course of business not merely for the purpose of taking applications for reservations and disseminating information but also to finalize reservation arrangements directly with parties in New York; and, that in the instant case reservations were made and confirmed between the plaintiff Lillian Greenberg in New York and defendant’s hotel in New Jersey by means of the afore-mentioned long line connection, culminating in plaintiff’s stay at the hotel and in the alleged accident upon which the present suit is based. That the transaction of business was conducted across State lines, through the medium of the telephone, does not render the transaction any less a transaction in New York than would a transaction conducted by mail across State lines. (Cf. McGee v. International Life Ins. Co., supra.)
As the court views it, more than mere solicitation was involved in the afore-mentioned activities of defendant as they related to this State. Whether such additional activities would satisfy the requirement of the “ doing business ” doctrine (Etish v. St. Louis Southwestern Ry. Co., 305 N. Y. 267, 269; Miller v. Surf Props., 4 N Y 2d 475, 480, supra) is a question that need not be dealt with on this motion. It suffices that in the court’s opinion, the activities of the defendant amounted to the transaction of business in New York within the meaning and intent of 302 of the CPLR-, and that such transaction of business involved the establishment of a relationship between the instant parties out of which arose the cause of action upon which the present action is based.
Accordingly, the defendant’s motion is denied.