■ EMIL FRIED, Respondent, v. CHARLES SEVILLE et al., Appellants.— In an action for an accounting, and for related relief, the defendants appeal from an order of the Supreme Court, Westchester County, dated March 20, 1964, which denied their motion (1) to examine the plaintiff before trial; (2) to require plaintiff to produce, for copying, his accountants' report of their examination of the books and records of the corporate defendants; and (3) to adjourn the trial. Order affirmed, with $10 costs and disbursements. The motion was made about nine months after plaintiff had filed his note of issue and statement of readiness, and after the case had appeared on the Day Calendar for trial (see Rules of Appellate Division, 2d Dept., part 7, rules III, VII, relating to statement of readiness). Admittedly, the accountants' report was completed and delivered to plaintiff and his attorneys about six months before plaintiff placed the action on the Trial Calendar; the report was made on the basis of the accountants' examination of the corporate defendants' books and records; and such examination had been made pursuant to an order of the court in this action. Under all the circumstances, denial of the motion was proper (see CPLR 3101, subd. [d]). Beldock, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.

■ LILLIAN GREENBERG et al., Respondents, v. R. S. P. REALTY CORPORATION, Doing Business as LARRY PASKOW'S HARBOR ISLAND SPA NORTH, Appellant.— In a negligence action by plaintiff Lillian Greenberg to recover damages for personal injury, and by her husband for medical expenses and loss of services, the defendant appeals from an order of the Supreme Court, Kings County, dated May 20, 1964, which denied its motion to vacate and set aside the service of the summons and complaint upon it on the ground that it is a foreign corporation which does not do business in the State of New York and is not subject to process therein. Order reversed, with $10 costs and disbursements; motion granted, without costs; and service of the summons and complaint upon defendant vacated. The defendant operates a resort and hotel in New Jersey. It advertised in New York publications and set forth a New York telephone number, such number also being listed in the New York telephone directories. When a person in New York dialed said number, a direct connection to the defendant in New Jersey was obtained. A few days prior to the accident, the female plaintiff, who resided in and was then in New York, dialed the telephone number, obtained a direct connection to the defendant in New Jersey, spoke to the defendant's reservation clerk and made a reservation for herself and another member of her family, which was confirmed by the reservation clerk. She was injured during her stay at the hotel, as a result of the alleged negligence of the defendant. The reservation, regarded as a contract, was made in New Jersey and not in New York (1 Williston, Contracts [3d ed.], § 82A; *Ward Mfg. Co.* v. *Miley,* 131 Cal. App. 2d 603). There is no proof that the defendant's agents or employees were physically present in New York. In our opinion the defendant did not have the minimum contacts in New York required for acquisition of jurisdiction over it in personam (cf. *Grobark* v. *Addo Mach. Co.,* 16 Ill. 2d 426; *Kropp Forge Co.* v. *Jawitz,* 37 Ill. App. 2d 475; *Singer* v. *Walker,* 21 A D 2d 285; *Longines-Wittnauer Watch Co.* v. *Barnes & Reinecke,* 21 A D 2d 474, mot. for lv. to app. granted 21 A D 2d 978). The defendant's failure to make its motion within 30 days after process was allegedly served on its registered agent in New Jersey was not a bar to the granting of the motion (Business Corporation Law, § 307, subd. [c]; *Ladd* v. *Stevenson,* 112 N. Y. 325). Beldock, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur. [43 Misc 2d 182.]