Emmett J. Schnepp, J.
The question before t]ie court is whether the defendants transacted business within the State of New York rendering them -subject to its jurisdiction pursuant to CPLR 302 (subd. [a], par. 1). The summons with notice stating the -object of the action and the relief sought was served personally upon the defendants in the State of Colorado, who made a motion for dismissal pursuant to CPLR 3211 (subd. [a], par. 8). From the moving papers it appears that plaintiff, a New York corporation is engaged in the business of leasing, licensing and operating food and beverage concessions in theatres. On July 16,1971 it entered into a 10-year concession lease agreement with Midwest, defendants’ predecessor in interest, which included the Hillside Theatre in G-reeley, Colorado. The lease by its terms was binding upon the successor of Midwest.
Under this licensing agreement, plaintiff was granted an exclusive right to sell and vend merchandise in the described theatre, and agreed to pay the theatre operator as rental an amount equivalent to 30% of the receipts, plus an additional^ *220 15% when the operator furnished and paid their own personnel for handling the concession stand. As part of the agreement plaintiff advanced the sum of $25,000, which, it was agreed, would be repaid out of the operator’s share of the sales receipts. The loan was evidenced by a demand note payable-to plaintiff at Rochester, New York. Plaintiff retained title to all equipment installed in the premises and to the merchandise. Midwest sold all its interest in the Hillside Theatre on April 11,1972 to the defendant Savard, who organized the defendant Hillside Theatre, Inc., to conduct the theatre business. Savard agreed to pay the balance due on the note to Theatre Confections, Inc., apparently plaintiff’s parent corporation. He wrote Theatre Confections, Inc., on May 24,1972 stating that the note and contract were to be assigned to him and asked for a copy of the agreement. By letter of June 19, 1972 he asked for a complete breakdown of the balance owing and the amount paid on the note since he acquired the operation. On January 31, 1973, plaintiff notified Savard that the note was in default and the concession lease agreement breached.
The note and original agreements were executed by Midwest in Colorado, from which State all of Savard inquiries emanated. Plaintiff executed the agreement in New York State. The operator agreed, as agent of plaintiff, to collect and receive the proceeds derived from the sale of the merchandise as trust funds, which were to be delivered to plaintiffs or deposited to their account. It was also the obligation of the operator to render a full and complete sale and financial accounting weekly, and to submit attendance figures, inventories and sales reports to plaintiff on its standard inventory and reporting forms, to be used by plaintiff only to evaluate its business or for preparation purposes. Plaintiff claims that the supervisory and advisory work was performed in New York State for defendants’ benefit including collection of sales receipts, banking, bookkeeping, payment of taxes, commission statement, preparation of orders, arrangements for services and accounts payable. The defendants own no property in New York State, do not solicit or conduct business here, performed no acts here and there is no proof that they were ever in this State personally or by agent. The foregoing constitutes the factual basis upon which a determination must be made as to whether the “ long-arm ” statute of the State of New York reaches out to include these defendants in the State of Colorado.
Inasmuch as the equipment and merchandise remained the property of plaintiff and defendant received commissions only, *221 any filed reports and services performed by plaintiff in New York State were for its sole benefit. Defendants’ only obligation in the State of New York was to make payment of the note. In all the cited cases in which nonresidents have been subjected to the jurisdiction of New York State the facts reflect a substantially greater amount of activity within this State by the nondomiciliary than appears in this case. Either the nonresident was here in person or by agent (Elman v. Belson, 32 A D 2d 422; De Nigris Assoc. v. Pacific Air Transp. International, 38 A D 2d 363; Parke-Bernet Galleries v. Franklyn, 26 N Y 2d 13), or the nondomiciliary engaged in purposeful activity in this State in connection with the matter in suit and voluntarily elected to invoke the benefit and protection of the laws of New York. (Longines-Wittnauer Watch Co. v. Barnes & Reinecke, 15 N Y 2d 443.) Any communication here from the defendants was related to the business in Colorado. (Cf. Collateral Factors Corp. v. Meyers, 39 A D 2d 27.) The defendants exercised no control over the services performed by the plaintiff in this State. The note was executed outside New York State and made payable within the State to accommodate the plaintiff, where it is presumed the operator’s share of the sales receipts was applied to reduce the outstanding balance of the loan by bookkeeping entries. The mere fact that the payments of money were due and made in this State is insufficient to confer jurisdiction as this does not constitute a purposeful act or the transaction of business within CPLR 302 (subd. [a], par. 1). (Wirth v. Prenyl, S.A., 29 A D 2d 373; Hubbard, Westervelt & Mottelay v. Harsh Bldg. Co., 28 A D 2d 295; Bankers Commercial Corp. v. Alto, Inc., 30 A D 2d 517.) The plaintiff is engaged in business operations in the State of iColorado and there is no injustice in requiring it to bear the incidental burden which may arise from litigating the claim in that State.
The motion is granted and the action dismissed.