**James DITCHIK, Plaintiff,**

v.

**Dr. Bruce BAINES, Defendant.**

**No. 86 Civ. 5577 (DNE).**

United States District Court,
S.D. New York.

Aug. 5, 1987.

Joel M. Kotick, New York City, for plaintiff James Ditchik.

Morris & Duffy, John J. Duffy, (Michael J. Byrne, of counsel) New York City, for defendant Dr. Bruce Baines.

### MEMORANDUM AND ORDER

EDELSTEIN, District Judge:

Defendant Dr. Bruce Baines, a New Jersey resident, moves to dismiss the instant action for lack of in personam jurisdiction. As Ditchik's contacts with the forum do not satisfy the requirements of the applicable New York long arm statute, N.Y. CPLR section 302(a)(3)(ii) (McKinney 1972 & Supp. 1987), defendant's motion is hereby granted.

### BACKGROUND

Plaintiff James Ditchik, a New York resident, received dental treatment from defendant Dr. Bruce Baines, a New Jersey resident, in New Jersey from the spring of 1983 until the spring of 1986. Baines met Ditchik at several social gatherings in New York prior to treating Ditchik in New Jersey. It was through these social meetings that Ditchik came to retain Dr. Baines' services as a dentist. Ditchik, however, always returned to New York immediately after each treatment by Baines.

Ditchik alleges that as the result of Dr. Baines' negligent dental care in New Jersey, he sustained immediate physical injury in New York, for which he claims damages of $2,400,000. Baines has moved to dismiss this action pursuant to FRCP Rule 12(b)(2) on the ground that this court lacks personal jurisdiction over the defendant. For the sake of this motion, Baines does not dispute the fact that Ditchik may have sustained damages in New York.

### DISCUSSION

Ditchik bases his claim of in personam jurisdiction over the defendant on NY CPLR section 302(a)(3)(ii) (McKinney 1972 & Supp.1987). Section 302 (a)(3)(ii) provides:

(a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary ... who in person or through an agent:

3. commits a tortious act without the state causing injury to person or property within the state ... if he

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

Defendant contends that plaintiff has failed to satisfy section 302(a)(3)'s requirement that an injury be caused "within [New York] state." It is well settled that the mere fact that one sustains damages in

New York is not sufficient to establish in personam jurisdiction over a defendant whose alleged tortious conduct occurred outside of New York. Ditchik has misconstrued section CPLR 302(a)(3) by confusing "damages" with "injury." The defendant's allegedly tortious acts were performed in New Jersey, thereby causing "immediate injury" to Ditchik. *See* Affidavit of plaintiff, p. 1; Memorandum of Law in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss, p. 1. Ditchik may very well have suffered damages in New York. Baines, however, did not originally injure Ditchik in New York.

Almost any injury will involve subsequent resultant damages. For example, a plaintiff injured in a foreign state may suffer a long period of convalescense and lost earnings in his home state. These subsequent damages, however, cannot supply the predicate injury to invoke long arm jurisdiction. New York law clearly states that "Section 302(a)(3) CPLR looks to the imparting of the original injury within the State of New York and not resultant damage, in order that jurisdiction might be effectuated. To hold otherwise would open a veritable Pandora's box of litigation subjecting every conceivable prospective defendant involved in [a tort] with a New York domiciliary to defend actions brought against them in the State of New York. This is hardly the minimal contact with the State prerequisite to the exercise of its power over a prospective defendant." *Black v. Oberle Rentals, Inc.*, 55 Misc.2d 398, 400, 285 N.Y.S.2d 226, 229 (1967); *see Tri-State Judicial Services, Inc. v. Markowitz*, 624 F.Supp. 925, 928 (E.D.N.Y. 1985); *Munsell v. La Brasserie Molson Du Quebec Limitée*, 618 F.Supp. 1383, 1385 (E.D.N.Y.1985); *Granada Television International, Ltd. v. Lorindy Pictures International, Inc.*, 606 F.Supp. 68, 71 (S.D. N.Y.1984); *Diskin v. Starck*, 538 F.Supp. 877, 879 (E.D.N.Y.1982); *Bramwell v. Tucker*, 107 A.D.2d 731, 732–33, 484 N.Y. S.2d 92, 93 (2d Dep't 1985); *McGowan v. Smith*, 72 A.D.2d 75, 81, 423 N.Y.S.2d 90,

95 (4th Dep't 1979); *Kramer v. Hotel Los Monteros SA*, 57 A.D.2d 756, 757, 394 N.Y. S.2d 415, 416 (1st Dep't 1977).

As Plaintiff's injury occurred in New Jersey and not New York, Ditchik has therefore failed to "sustain ... [his] burden of establishing jurisdiction over the person of defendant under the statute [NY CPLR section 302]," *Bramwell*, 107 A.D.2d at 732, 484 N.Y.S.2d at 93, *see Augsbury Corp. v. Petrokey Corp.*, 97 A.D.2d 173, 176, 470 N.Y.S.2d 787, 790 (3d Dep't 1983) (plaintiff's burden to demonstrate personal jurisdiction). Accordingly, the instant action is ordered dismissed.[1]

SO ORDERED.

---

**1.** As plaintiff has not satisfied the requirement of injury "within the state" under the statute, this court need not address the issue of whether the plaintiff "derives substantial revenue from interstate commerce."