OPINION OF THE COURT
Marvin E. Segal, J.
This is an action by plaintiff against the defendant to recover the sum of $249 representing the sum paid for membership in a travel club.
After the trial held on the 6th day of December 1988, the court has made the following findings of fact:
The plaintiff received a postcard from Holiday Magic Travel *150 Club, Inc. (herein Holiday) of Miami, Florida, stating that he had been selected to receive a prepaid luxury cruise plus hotel accommodations. The plaintiff called Holiday on December 19, 1986 and received details of the vacation offer and Holiday’s money-back guarantee, as well as assurances of the company’s good standing, including bank references.
The plaintiff obtained membership in Holiday’s discount travel club via telephone by giving the number of his European American Bank (herein EAB) mastercard to a representative of Holiday. He paid $249 by credit card. Holiday thereafter sent membership materials to the plaintiff, who decided that he did not want to obtain membership in the club. The plaintiff requested a refund from Holiday, but received no reply. Apparently, plaintiff was lured into a scam, and recovery of the $249 from Holiday appears to be impossible since Holiday cannot be located.
Plaintiff had purchased the membership over the telephone on December 19, 1986. The defendant claims that plaintiff received a statement reflecting his purchase on January 3, 1987. The plaintiff contends that the credit statements received on January 3, 1987 and April 3, 1987 did not contain the $249 purchase. Plaintiff concedes that he did not notify the defendant of the requested billing correction until April 25, 1987. The court notes that neither the plaintiff nor defendant submitted into evidence a copy of the EAB credit statements sent to plaintiff on January 3, 1987 and on April 3, 1987.
DECISION
The credit card transactions between the credit card issuer and the credit cardholder is governed by the Truth in Lending Law codified in the Consumer Credit Protection Act (15 USC § 1666). New York State has incorporated the Federal Truth in Lending Act in article 29-A of the General Business Law. Section 1666 of the Consumer Credit Protection Act requires the credit cardholder to notify the credit card issuer of any "billing error” within 60 days from the receipt of a credit statement of the credit cardholder’s account sent by the card issuer. A "billing error” includes "[a] reflection on a statement of goods or services not accepted by the obligor [credit cardholder] or his designee” (15 USC § 1666 [b] [3]). Any claims asserted by a credit cardholder against a card issuer pursuant to 15 USC § 1666i requires the cardholder to comply with the *151 60-day notice provision of 15 USC § 1666 (a). (Lincoln First Bank v Carlson, 103 Misc 2d 467 [1980].)
In the instant case, the plaintiff has the burden of proving that he gave the 60-day notice, from the date of receipt of the credit statement, of the "billing error” to EAB. The "billing error” constituted the travel membership canceled by the plaintiff. Plaintiff contends that the 60-day notification was given within 60 days from receipt of the April 3, 1987 statement, which did not, but should have, reflected the charge of $249 to plaintiff’s account. Defendant claims that the January 3, 1987 statement sent to plaintiff reflected the $249 charge to plaintiff’s account, and therefore, the 60-day period started to accrue from January 3, 1987. Defendant concludes that plaintiff’s notice to EAB on April 25, 1987 was too late.
Plaintiff has failed to introduce into evidence a copy of plaintiff’s EAB credit account statements received on January 3, 1987 and April 3, 1987 to support plaintiff’s contention that the $249 charge never appeared on the credit card statements. Accordingly, plaintiff has failed to prove that the 60-day notice required by 15 USC § 1666 (a) was ever given to defendant.
Even if plaintiff did provide defendant with the 60-day notice pursuant to 15 USC § 1666 (a), plaintiff would still not be able to assert a claim against defendant pursuant to 15 USC § 1666i to recover the $249. Section 1666i (a) provides that a card issuer "shall be subject to all claims * * * and defenses arising out of any transaction in which the credit card is used as a method of payment or extension of credit if * * * the place where the initial transaction occurred was * * * within 100 miles from [the cardholder’s] address.” The question of where the transaction occurred is to be determined by State law. (12 CFR 226.12 [c]; see, Izraelewitz v Manufacturers Hanover Trust Co., 120 Misc 2d 125 [1983].) Under New York State law, a contract is transacted in the State where there is an acceptance and completion of a contract, and completion of a contract may be made by telephone. (See, Greenberg v R. S. P. Realty Corp., 22 AD2d 690 [2d Dept 1964].)
In the instant case, the plaintiff, a resident of New York State, received a mail solicitation from Holiday, a Miami corporation. Holiday’s mail solicitation was an invitation for plaintiff to make an offer of membership for $249. The solicitation, through advertising, constitutes a request for offers, and *152 once the offers are tendered, the seller has the option to accept or reject any or all of them. (See, S.S.I. Investors v Korea Tungsten Min. Co., 80 AD2d 155 [1981].) Plaintiff’s telephone conversation, where he purchased membership by giving his credit card number, constituted an offer which was accepted by Holiday. (See, Greenberg v R. S. P. Realty Corp., 22 AD2d 690, supra.) Consequently, the transaction occurred in Florida and outside the 100-mile requirement of 15 USC § 1666i since the transaction was complete when Holiday accepted plaintiff’s membership offer.
Accordingly, based upon the above findings of law and fact, the court renders judgment in favor of the defendant.