■ RICHARD CARTE, Respondent, v MICHAEL PARKOFF, Appellant.—In an action to recover damages based on dental malpractice, the defendant appeals from an order of the Supreme Court, Kings County (Scholnick, J.), dated February 17, 1988, which denied his motion to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff, a resident of New York, commenced this personal injury action against the defendant, a resident of Franklin Lakes, New Jersey, alleging that the defendant had committed dental malpractice, and that the defendant had caused "irreparable injury to [the plaintiff's] teeth". In support of his motion to dismiss the complaint, the defendant averred that he has conducted his dentistry practice in New Jersey since 1982. The plaintiff was treated in the defendant's office in Mahwah, New Jersey, in 1984. It is conceded that the summons and complaint were served on the defendant at his office in Mahwah, New Jersey.

In opposition to this motion, the plaintiff's attorney submitted an affirmation in which he stated, contrary to the sworn statements of the defendant himself, that the defendant "maintain[ed] an office and/or residence within the State of New York". However, it is clear from the remainder of this affirmation, and from the contents of two supplemental affirmations in opposition, that the plaintiff's attorney has no personal knowledge concerning the whereabouts of either the defendant's office or his residence, and that the sole basis for the attorney's assertions in this respect was the presence, in a 1985/1986 NYNEX telephone directory, of a listing with the defendant's name, followed by a New York address and tele-

phone number. An investigator for the plaintiff averred that when he called the number listed next to the defendant's name, he was connected to the defendant's office in New Jersey.

Based on the foregoing facts, it is clear that the Supreme Court erred in denying the defendant's motion to dismiss the complaint on the ground that the court lacked jurisdiction over the person of the defendant (CPLR 3211 [a] [8]). The plaintiff failed to meet his burden of showing the existence of facts sufficient to warrant the exercise of jurisdiction over the person of the defendant as a matter of New York law.

The court has no jurisdiction over the defendant pursuant to CPLR 302 (a) (3), since the injury to the plaintiff, which was allegedly caused by the defendant's tortious conduct, occurred in New Jersey rather than in New York. For the purpose of determining the applicability of CPLR 302 (a) (3), "[t]he situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff" (Hermann v Sharon Hosp., 135 AD2d 682, 683, citing McGowan v Smith, 52 NY2d 268, 273-274; Kramer v Hotel Los Monteros, 57 AD2d 756; see also, Bramwell v Tucker, 107 AD2d 731, 732; Ditchik v Baines, 665 F Supp 350, 351).

Furthermore, there is no evidence that the defendant transacts business in New York within the meaning of CPLR 302 (a) (1). In Ziperman v Frontier Hotel (50 AD2d 581), this court held that a defendant's solicitation of New York customers by the listing of a telephone number in a New York telephone directory does not constitute the "transaction of business" pursuant to CPLR 302 (a) (1). The only distinguishing feature in the present case is that the telephone listing for the defendant included a New York, rather than a foreign, address. This distinction is, in our opinion, immaterial to the issue whether the defendant in fact transacted business in New York.

Even more to the point is our decision in J.E.T. Adv. Assocs. v Lawn King (84 AD2d 744). In that case, the trial court had upheld jurisdiction over the defendant, a New Jersey corporation, in reliance on the defendant's use of a local phone number. This court reversed, and held that the use by a defendant of a local phone number, by itself, constituted neither "doing business" within the meaning of CPLR 301, nor "transacting business" within the meaning of CPLR 302 (a) (1). "Maintaining a direct telephone line (through a remote

forwarding system) to defendant's office in New Jersey is an insufficient basis to constitute doing business in this State" *(J.E.T. Adv. Assocs. v Lawn King, supra,* at 744, citing *Ziperman v Frontier Hotel,* 50 AD2d 581, *supra; Carbone v Fort Erie Jockey Club,* 47 AD2d 337; *Meunier v Stebo, Inc.,* 38 AD2d 590; *Greenberg v R.S.P. Realty Corp.,* 22 AD2d 690).

In short, the defendant, a nondomiciliary of New York, has denied that he has any significant contacts with the State of New York, and the plaintiff, who has the burden of proof on this issue, has proven nothing more than that the defendant's name appears in a New York telephone book, and that his office may be contacted by dialing a New York number. Under our precedents *(J.E.T. Adv. Assocs. v Lawn King, supra; Ziperman v Frontier Hotel, supra; Meunier v Stebo, Inc., supra; Greenberg v R.S.P. Realty Corp., supra)* this does not justify the exercise of personal jurisdiction over the defendant.

There is nothing in the record to support the plaintiff's claim that the defendant should be equitably estopped from seeking to dismiss the complaint for lack of jurisdiction, since this issue is being raised for the first time on appeal. Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.