**NATIONAL TELEPHONE DIRECTORY CONSULTANTS, INC., Plaintiff,**

v.

**BELLSOUTH ADVERTISING & PUBLISHING CORPORATION and Yellow Pages Publishers Association, Inc., Defendants.**

No. 98 Civ. 2278(BDP).

United States District Court, S.D. New York.

Oct. 27, 1998.

---

**194**

Raymond Wiss, Wiss Cooke & Santomauro, Pearl River, NY, for National Telephone Directory Consultants, Inc.

Charles M. Stern, Katten Muchin & Zavis, Los Angeles, CA, for Yellow Pages.

Allen Kezsbom, Fried Frank Harris Shriver & Jacobson, New York City, for Bellsouth Publishing.

Neal S. Berinhout, Kilpatrick Stockton LLP, Atlanta, GA, for Bellsouth Advertising & Publishing Co.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

Plaintiff National Telephone Directory Consultants, Inc. ("NTDC") seeks monetary damages from defendants Bellsouth Advertising & Publishing Corporation ("BAPCO") and Yellow Pages Publishers Association, Inc. ("YPPA") for alleged breach of contract, tortious interference with prospective business relations, conspiracy and related claims under Georgia statutory law and under both Georgia and federal common law for restraint of trade and unfair business practice. Both defendants move pursuant to Fed. R.Civ.P Rule 12(b)(2) to dismiss for lack of personal jurisdiction, and in the alternative, under 28 U.S.C. § 1404, to transfer venue to the United States District Court for the Northern District of Georgia. For the reasons that follow, the motion to dismiss is granted.

## BACKGROUND

■ The following facts are drawn from the complaint, affidavits and documentary exhibits submitted by both parties, and on this motion, are construed in the light most favorable to plaintiff. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 56–57 (2d Cir. 1985). Absent an evidentiary hearing, plaintiff bears the burden to make a *prima facie* showing of personal jurisdiction. *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 364 (2d Cir.1986).

BAPCO is a publisher of printed telephone directories, including Yellow Pages, for cities within a nine state region in the Southeastern United States: Georgia, North Carolina, South Carolina, Florida, Louisiana, Alabama, Mississippi, Kentucky and Tennessee. BAPCO is incorporated under the laws of Georgia and its principal place of business is in Atlanta, Georgia. BAPCO sells advertising in its Yellow Pages that is either national or local. NTDC is a Certified Marketing Representative ("CMR") incorporated under the laws of New York with its principal place of business in Pearl River, New York. National advertisers are solicited by CMRs, and BAPCO has its own sales force to solicit local adver-

tisers within the cities for which it publishes directories. YPPA is a national trade association in the Yellow Pages industry that was incorporated in Delaware as a non-profit corporation with headquarters in Denver, Colorado. Publishers and CMRs are members of YPPA. YPPA has 123 publisher members and 188 CMR members. Both BAPCO and NTDC are members of YPPA.

On June 9, 1997, NTDC and BAPCO entered into a contract ("Contract") in which BAPCO agreed to accept and publish national yellow pages listings and advertising timely submitted by NTDC, in return for which NTDC would receive a commission. The Contract adopted YPPA's definition of what constituted a "national" account. The discussions concerning the Contract were conducted by NTDC in New York and BAPCO in Georgia. The Contract was executed by NTDC in New York and BAPCO in Georgia. In the process of entering into the Contract, no representative of BAPCO traveled to New York. The Contract stated that it was to be construed under the laws of Georgia. YPPA is not a party to the Contract.

This dispute arises out of NTDC's claim that, despite the fact that two advertising programs submitted by NTDC to BAPCO are national under the definition contained in the Contract, BAPCO rejected the programs. The two rejected advertisers are attorneys with offices solely in Atlanta, Georgia and Raleigh, North Carolina respectively. NTDC claims it has requested that YPPA compel BAPCO to adhere to YPPA's bylaws and guidelines and to accept the programs, and YPPA failed to do so. Thus, NTDC has sued BAPCO and YPPA for breach of contract, tortious interference with prospective business relations, conspiracy and related claims under Georgia statutory law and under both Georgia and federal common law for restraint of trade and unfair business practice.

## DISCUSSION

■ Subject matter jurisdiction is predicated on diversity of citizenship. 28 U.S.C. § 1332(a). Plaintiff is a New York corporation with its principal place of business in New York; defendants are Georgia and De- laware corporations with principal places of business in Georgia and Colorado respectively; plaintiff seeks damages in excess of $75,-000 exclusive of interest and costs. The New York long arm statute, N.Y.Civ.Prac.L. & R. § 302, controls the question of whether this Court has personal jurisdiction over the defendants since, in diversity cases, a federal court applies the long-arm statute of the state in which it sits. *Savin v. Ranier,* 898 F.2d 304, 306 (2d Cir.1990).

NTDC asserts personal jurisdiction pursuant to two sections of the New York Civil Practice Law and Rules ("CPLR"): (1) § 302(a)(1), and (2) § 302(a)(3)(ii). We will take each section in turn.

■ Under CPLR § 302(a)(1) a court may exercise personal jurisdiction over:

any non-domiciliary, or his executor or administrator, who in person or through his agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state. . . .

CPLR § 302(a)(1). Courts look to the "totality of circumstances" to determine whether a party has "transacted business" within the meaning of § 302(a)(1). *Snyder v. Madera Broadcasting, Inc.,* 872 F.Supp. 1191, 1194 (E.D.N.Y.1995) (citing *Sterling Nat'l Bank & Trust Co. v. Fidelity Mortgage Investors,* 510 F.2d 870, 873 (2d Cir.1975)). Such circumstances include, but are not limited to: (1) whether the defendant has an ongoing contractual relationship with a New York corporation; (2) whether the contract was negotiated or executed in New York and whether, after executing a contract with a New York business, the defendant visited New York for the purpose of meeting with the parties to the contract regarding the relationship; (3) what the choice of law clause is in the contract; and (4) whether the contract requires notices and payments to be sent into the forum state or requires supervision by the corporation in the forum state. *Agency Rent A Car System, Inc. v. Grand Rent A Car Corp.,* 98 F.3d 25, 29 (2d Cir.1996). No one factor is dispositive, and all are relevant. *Id.* In addition, in making a determination that jurisdiction exists, a court must ensure that

**196**

due process requirements have been met, such that the defendant can reasonably "anticipate being haled into court" in that forum. *World–Wide Volkswagen v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). These concerns are satisfied where the defendant's activities "constitute purposeful efforts to invoke the benefits and protection of New York law." *First City Federal Sav. Bank v. Dennis,* 680 F.Supp. 579, 584 (S.D.N.Y.1988) (quoting *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)).

■ Considering the factors of *Agency Rent A Car* as well as NTDC's assertions, the Court concludes that the requirements of § 302(a)(1) have not been met with respect to either defendant. The Contract, which is BAPCO's standard form agreement, was drafted in its entirety in Georgia and involved no negotiations in New York. Further, the Contract states that it is to be construed by the laws of Georgia. The Contract was signed by BAPCO in Georgia and NTDC in New York, and no representative of BAPCO has ever visited plaintiff's offices. Also, there was no need for supervision of NTDC in New York because the Contract allowed NTDC to submit national advertisers to BAPCO, and BAPCO would then either accept or reject the proffered advertisers whenever submitted. Likewise, as previously noted, YPPA is not a party to the disputed contract. No officer or employee of YPPA has ever met with NTDC in New York. Further, NTDC, like other YPPA members, sent a membership application to YPPA's administrative office in Michigan.

BAPCO maintains no offices, employees, property, bank accounts, distributers, mailing addresses, post office boxes, local telephone numbers or registered agents in New York. Further, BAPCO does not contract to supply goods or services in New York. The Contract allowed NTDC to supply advertisers for BAPCO's southeastern directories. Likewise, YPPA does not have any tangible assets, bank accounts or other property in New York. YPPA has never had a convention, training session, or membership or committee meeting in New York.

■ NTDC asserts that under § 302(a)(1) this Court has jurisdiction because BAPCO has solicited its business and other CMRs in New York by forwarding to NTDC and other New York CMRs mail, fax, email, and various other literature specifically designed to promote and advertise in New York the services of BAPCO. Further, NTDC asserts that YPPA has distributed over the years to NTDC and other New York CMRs, various literature designed to promote its services as a facilitator of yellow pages advertising between publishers and CMRs. In short, NTDC claims both BAPCO and YPPA have engaged in an on-going marketing campaign with NTDC and other New York CMRs over the years. We note that even if this Court were to assume, *arguendo,* that BAPCO and YPPA had such an on-going relationship with NTDC, it would, in itself, be insufficient to confer jurisdiction under § 302(a)(1). *See Roper Starch Worldwide, Inc. v. Reymer & Associates, Inc.,* 2 F.Supp.2d 470, 474 (S.D.N.Y.1998). Further, it is the nature and the quality of the contacts with New York, not purely the amount of contacts that must be considered by the Court. *See Premier Lending Services, Inc. v. J.L.J. Associates,* 924 F.Supp. 13, 15 (S.D.N.Y.1996); *Rolls–Royce Motors, Inc. v. Charles Schmitt & Co.,* 657 F.Supp. 1040, 1051 (S.D.N.Y.1987). NTDC further claims that BAPCO and YPPA should reasonably foresee being haled into a New York court because BAPCO profits from its business relationship with NTDC and YPPA is the benefactor of membership dues from New York CMRs.

■ Telephone calls and mailings, however, can confer personal jurisdiction only if the defendants conducted these activities in such a manner as to "project" themselves into New York in order to "purposely avail" themselves of the benefits of doing business in New York. *Jaisan, Inc. v. Sullivan,* No. 96 Civ. 4336, 1997 WL 86402, at *3 (S.D.N.Y. Feb.28, 1997) (citing *Wilhelmshaven Acquisition Corp. v. Asher,* 810 F.Supp. 108, 112 (S.D.N.Y.1993)). A finding that defendants "purposely availed" themselves of the benefits of New York may not, however, be inferred from mere acts of mailing and telephoning plaintiff. *Id.* (citation omitted).

Also, telephone, fax and mail between an out-of-state defendant and a New York plaintiff will not confer jurisdiction unless the defendant used the communications as a means of "projecting" themselves into the local commerce. *See Premier Lending Services, Inc. v. J.L.J. Associates,* 924 F.Supp. 13, 16 (S.D.N.Y.1996). The YPPA mailings submitted by plaintiff appear to be general mailings to all YPPA members and not a projection into New York commerce.[1] The BAPCO mailings, as BAPCO contends, were not targeted to New York because the majority of the mailings mentioned by the plaintiff were sent to CMRs across the nation.[2] The BAPCO mailings were designed to further CMRs' efforts to place advertising in BAPCO's southeastern directories, not New York local commerce.

Also, the mailings were not designed to avail BAPCO of the protections of New York law as they involved business that would take place elsewhere (i.e. advertisements in southeast directories). *See Wilhelmshaven Acquisition Corp. v. Asher,* 810 F.Supp. 108, 113 (S.D.N.Y.1993) (negotiation via mail and telephone insufficient to confer jurisdiction in light of the fact that the transaction revolved around an oil refinery in Germany); *Paine-Webber Inc. v. Westgate Group, Inc.,* 748 F.Supp. 115, 119 (S.D.N.Y.1990) (communications made to New York were not designed to permit defendants to conduct activity in New York); *Vardinoyannis v. Encyclopedia Britannica, Inc.,* No. 89 Civ. 2475, 1990 WL 124338, at *4 (S.D.N.Y. Aug.20, 1990) (defendant's business-related telephone calls and letters to New York were not designed to avail himself of the forum's protections as they "were connected with transactions taking place almost completely in Greece"). Thus, in light of the above discussion, the mailings alone, the only contact either defendant has had with New York, do not evidence an attempt to purposely seek the benefits of New York law or local commerce.

■ Further, jurisdiction under § 302(a)(1) requires a substantial relationship between the cause of action and the defendant's in-state activities. *See Beacon Enter. Inc. v. Menzies,* 715 F.2d 757, 764 (2d Cir.1983) (citing *McGowan v. Smith,* 52 N.Y.2d 268, 272, 437 N.Y.S.2d 643, 419 N.E.2d 321 (1981)). The crux of the dispute in this case is NTDC and BAPCO's disagreement on the definition of national advertising. The mailings made by BAPCO and YPPA, which pertained generally to marketing, have nothing to do with the definition of national advertising, the formation of the Contract, or BAPCO's decision to reject the two advertisers. The defendants' in-state activities have no substantial relation to the plaintiff's claim. Thus, considering the totality of the circumstances, jurisdiction over the defendants does not lie under § 302(a)(1).

The plaintiff also bases jurisdiction on § 302(a)(3)(ii) which allows a court to exercise jurisdiction over a non-domiciliary who:

> commits a tortious act without the state causing injury to person or property within the state ... if he (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

CPLR § 302(a)(3)(ii).

■ All parties agree that the mere presence of plaintiff in New York and the loss of profit is insufficient to establish that a commercial tort has occurred. *See Lehigh Valley Indus., Inc. v. Birenbaum,* 527 F.2d 87, 94 (2d Cir.1975). Thus, in addition to claiming both BAPCO and YPPA derive substantial revenue from interstate or international commerce, NTDC asserts jurisdiction based on a claim that it experienced the threat of harm of the loss of sales and customers in New York as a result of defendants' conduct. *See American Network, Inc. v. Access America/Connect Atlanta, Inc.,* 975 F.Supp. 494, 497 (S.D.N.Y.1997). Specifically, NTDC claims that because of BAPCO and YPPA's

---

1. The YPPA mailings submitted by NTDC include: 1) the Bylaws and Guidelines, 2) a publications catalog, and 3) two letters (not addressed to NTDC specifically) regarding order forms. *See* Gazzetta Certification, Exhibits H, I, J.

2. Only one letter was addressed to NTDC specifically, *see* Gazzetta Certification, Exhibit C, which *inter alia* thanked NTDC for its hard work in 1997.

conduct, it has been financially damaged since it has lost, and will in the future lose, substantial clients and related commissions. NTDC also claims that BAPCO's arbitrary conduct will cause it to lose prospective customers in New York who may be interested in advertising in BAPCO directories. BAPCO states, however, that it continues to renew advertising by NTDC's national clients throughout the country.

In any event, plaintiff's assertions of the loss of customers are too speculative and conclusory to confer jurisdiction. *See Etna Products Co. v. Dacofa Trading Co.*, 1992 WL 51507, at *3 (S.D.N.Y. Mar.11, 1992) (conclusory allegations, conjecture and speculation are insufficient to establish jurisdiction); *ICC Primex Plastics Corp. v. LA/ES Laminati Estrusi Termoplastici, S.P.A.*, 775 F.Supp. 650, 656 (S.D.N.Y.1991); *Barrett v. United States*, 646 F.Supp. 1345, 1350 (S.D.N.Y.1986); *Carte v. Parkoff, D.D.S.*, 152 A.D.2d 615, 543 N.Y.S.2d 718 (2nd Dep't 1989). NTDC has not listed any customers who have either left or have threatened to leave NTDC based on the defendants' conduct. Also, BAPCO has challenged only two advertisers procured by NTDC, neither of which is located in New York.

■ New York courts "have uniformly held that the situs of a non-physical commercial injury is 'where the critical events associated with the dispute took place'" *United Bank of Kuwait v. James M. Bridges Ltd.*, 766 F.Supp. 113, 116 (S.D.N.Y.1991) (citations omitted). For long-arm purposes, an injury occurs at the location of the original events that caused the injury, not the location where the resultant damages are felt by the defendant. *Carte v. Parkoff*, 152 A.D.2d 615, 616, 543 N.Y.S.2d 718 (2d Dep't 1989). This limitation on the applicability of § 302(a)(3) anticipates and incorporates due process concerns: if the impact in New York is too removed from defendant's conduct, it is unlikely that the defendant will have purposefully availed itself of the benefits and protections of forum state law. *Vista Food Exchange, Inc. v. Joyce Foods, Inc.*, No 96 Civ. 0012, 1996 WL 122419, *3 (S.D.N.Y. Mar.20, 1996) (citing *Lehigh Valley Inds., Inc. v. Birenbaum*, 527 F.2d 87, 94 (2d Cir.

1975) ("injury in New York must be direct and not remote or consequential")).

■ Here, BAPCO's decision to reject the two disputed advertisers occurred in Georgia, and the two rejected advertisers are not New York companies. Further, the directories that the disputed advertisers would have been listed in are located in the southeast, not New York. The gravamen of NTDC's claim of injury against YPPA is that YPPA breached some contractual obligation to NTDC contained in its bylaws and guidelines. YPPA did not decide in New York how to deal with its members. Any decision by YPPA breaching its obligation to NTDC would have occurred either at its headquarters in Colorado or at its administrative office in Michigan. Thus, any alleged conspiracy between the defendants could not have occurred from the defendants' actions in New York. Accordingly, NTDC has failed to allege that BAPCO or YPPA has committed a tortious act in New York. Accordingly, the Court does not have jurisdiction under § 302(a)(3)(ii).

### CONCLUSION

For the foregoing reasons, defendants' motion to dismiss for lack of personal jurisdiction is granted. The Clerk of the Court is directed to dismiss the complaint.

**SO ORDERED.**