◼ CONSTANTINA SANCHEZ, Respondent, v GEORGE MAJOR et al., Respondents, and MARTIN MARRON et al., Appellants. [734 NYS2d 211] —In an action to recover damages for personal injuries, the defendants Martin Marron and Carmen Marron appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (LaTorella, J.), dated February 21, 2001, as, upon the plaintiff's default and upon granting the cross motion of the defendants George Major and Linda Major to dismiss the complaint on the ground of forum non conveniens, directed the Marrons to waive any defense based on the Statute of Limitations in a new action to be commenced in the proper forum of Connecticut and denied as academic the Marrons' motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint and cross claim insofar as asserted against them on the ground of lack of personal jurisdiction.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the provision directing the waiver of the Statute of Limitations defense in the Connecticut action is deleted, and the complaint and cross claim are dismissed insofar as asserted against the appellants.

The appellants reside in Connecticut, and the accident in question occurred in Connecticut. They moved pursuant to CPLR 3211 (a) (8) to dismiss the complaint and the cross claim

of the defendants George Major and Linda Major (hereinafter the Majors) insofar as asserted against them on the ground of lack of personal jurisdiction. Neither the plaintiff nor the Majors opposed the motion.

On the issue of whether a court may assert jurisdiction over a defendant, the burden of proof rests with the party asserting jurisdiction (*see, Brandt v Toraby,* 273 AD2d 429, 430). In light of the appellants' unrefuted allegations that there is no basis for the Supreme Court to assert jurisdiction over them, their motion should have been granted (*see, Brandt v Toraby, supra*).

Furthermore, the forum non conveniens doctrine has no application unless the court has obtained jurisdiction over the parties (*see, Ehrlich-Bober & Co. v University of Houston,* 49 NY2d 574; *Lupton Assocs. v Northeast Plastics,* 105 AD2d 3). Therefore, since the Supreme Court did not have jurisdiction over the appellants, it erred in directing them to waive any defense based on the Statute of Limitations in a new action to be commenced in the proper forum of Connecticut. Goldstein, J. P., McGinity, H. Miller and Townes, JJ., concur.