(May 10, 2011)

■ Phyllis Andrews et al., Appellants-Respondents, v Arthur B. Modell, Respondent-Appellant. [921 NYS2d 908]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County

(Rudolph, J.), entered June 30, 2009, as conditionally granted that branch of the defendant's motion which was pursuant to CPLR 327 (a) to dismiss the complaint on the ground of forum non conveniens, unless, within 10 days after the entry of the order, the defendant failed to "stipulate[ ] to accept service of process or appear in any action brought against him in the appropriate Maryland court for the same relief demanded in the complaint herein," and to waive the statute of limitations as a defense in such action, and the defendant cross-appeals, as limited by his brief, from so much of the same order as only conditionally granted that branch of his motion which was pursuant to CPLR 327 (a) to dismiss the complaint on the ground of forum non conveniens and denied that branch of his motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction.

Ordered that the appeal and so much of the cross appeal as seeks review of the conditional granting of that branch of the defendant's motion which was pursuant to CPLR 327 (a) to dismiss the complaint on the ground of forum non conveniens are dismissed as academic in light of our determination of so much of the cross appeal as seeks review of the denial of that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, without costs or disbursements, and that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction is granted.

Pursuant to CPLR 302 (a) (1), "long-arm jurisdiction over a nondomiciliary exists where (i) a defendant transacted business within the state and (ii) the cause of action arose from that transaction of business" (*Johnson v Ward*, 4 NY3d 516, 519 [2005]; *see* CPLR 302 [a] [1]). Here, the defendant did not conduct "sufficient purposeful activities in New York, which bore a substantial relationship to the subject matter of this action, so as to avail [himself] of the benefits and protections of New York's laws" (*Transportation Ins. Co. v Simplicity, Inc.*, 61 AD3d 963, 964 [2009]; *see e.g. Spanierman Gallery, PSP v Love*, 320 F Supp 2d 108, 111 [2004]; *PaineWebber Inc. v Westgate Group, Inc.*, 748 F Supp 115, 117, 119 [1990]; *Standard Wine & Liq. Co. v Bombay Spirits Co.*, 20 NY2d 13, 17 [1967]; *CK's Supermarket Ltd. v Peak Entertainment Holdings, Inc.*, 37 AD3d 348, 348 [2007]; *American Recreation Group v Woznicki*, 87 AD2d 600, 601 [1982]; *J. E. T. Adv. Assoc. v Lawn King*, 84 AD2d 744, 745 [1981]; *Pacific Concessions v Savard*, 75 Misc 2d

219, 221 [1973]; *cf. Ulster Scientific, Inc. v Guest Elchrom Scientific AG*, 181 F Supp 2d 95, 102 [2001]; *Barclays Am./Bus. Credit v Boulware*, 151 AD2d 330, 331 [1989]). Accordingly, the Supreme Court lacked personal jurisdiction over the defendant and, thus, erred in denying that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction (*see Sanchez v Major*, 289 AD2d 320, 321 [2001]; *Foley v Roche*, 68 AD2d 558, 565 [1979]). Mastro, J.P., Balkin, Leventhal and Sgroi, JJ., concur.