■ In the Matter of HEREFORD INSURANCE Co., as Subrogee of Asim Bordan, Respondent, v AMERICAN INDEPENDENT INSURANCE, Appellant. [24 NYS3d 909]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered May 23, 2014, which granted petitioner's motion to confirm an arbitration award in favor of petitioner and against respondent, unanimously reversed, on the law, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 75 dismissed. The Clerk is directed to enter judgment accordingly.

The motion court erred in concluding that it had personal jurisdiction over respondent simply because the arbitration occurred in New York and respondent never contested the arbitrator's jurisdiction. Respondent, a Pennsylvania corporation that had insured the offending vehicle, has no contacts with New York, and the offending vehicle was neither registered in New York nor owned by a New York resident (*see Matter of American Tr. Ins. Co. v Hoque*, 45 AD3d 329, 329 [1st Dept 2007]; *Matter of Government Empls. Ins. Co. v Basedow*, 28 AD3d 766, 767 [2d Dept 2006]). Accordingly, the motion court lacked personal jurisdiction over respondent.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Renwick, J.P., Andrias, Saxe and Richter, JJ.