EMC Health Products, Inc., as Assignee of Boakye, Oheneba, Appellant, 
against
Maryland Automobile Insurance Fund, Respondent. 




The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Jeffrey G. Lerman, P.C. (Jeffrey G. Lerman of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Harriet L. Thompson, J.), entered April 19, 2017. The order, insofar as appealed from, granted defendant's motion, in effect, to consolidate the above-entitled action with actions entitled EMC Health Prods., Inc., as Assignee of Kubi, George v Maryland Auto. Ins. Fund (Civ Ct, Kings County, index No. 68019/15) and EMC Health Prods., Inc., as Assignee of Smith, Eugene v Maryland Auto. Ins. Fund (Civ Ct, Kings County, index No. 68018/15) for the purposes of disposition of the motion and, upon consolidation, to dismiss the complaint.




ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved to, among other things, in effect, consolidate the instant action with two related actions entitled EMC Health Prods., Inc., as Assignee of Kubi, George v Maryland Auto. Ins. Fund (Civ Ct, Kings County, index No. 68019/15) and EMC Health Prods., Inc., as Assignee of Smith, Eugene v Maryland Auto. Ins. Fund (Civ Ct, Kings County, index No. 68018/15) for the purposes of disposition of the motion, and, upon consolidation, to dismiss the complaints in all three actions, contending that the Civil Court lacked personal jurisdiction over defendant. In support of its motion, defendant alleged that it conducts no business in the State of New York, including that it does not issue insurance policies here, has no sales representative or agent within [*2]the state, and is not licensed to transact business within the State of New York. Plaintiff opposed the motion. Plaintiff appeals from so much of an order of the Civil Court entered April 19, 2017 as consolidated the actions for the purposes of disposition of the motion and dismissed the complaint.
On appeal, plaintiff contends that the court erred in consolidating the three actions, arguing that consolidation is improper because defendant "failed to proffer any of the pleadings from any of the actions." As this argument is raised for the first time on appeal, it is not considered (see Joe v Upper Room Ministries, Inc., 88 AD3d 963 [2011]; Gulf Ins. Co. v Kanen, 13 AD3d 579 [2004]).
Upon defendant's prima facie showing that the Civil Court lacked personal jurisdiction over it, on the ground that there was no jurisdictional basis for suit in the Civil Court of the City of New York (see CCA 404), the burden shifted to plaintiff to establish that it had acquired jurisdiction, as plaintiff "carries the ultimate burden of proof on that issue" (Opticare Acquisition Corp. v Castillo, 25 AD3d 238, 243 [2005]; see also Sanchez v Major, 289 AD2d 320 [2001]; Brandt v Toraby, 273 AD2d 429 [2000]; Cushley v Wealth Masters Intl., 29 Misc 3d 144[A], 2010 NY Slip Op 52221[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). In determining whether a plaintiff has met its burden, a court must construe the pleadings, affidavits and other evidentiary materials in a light most favorable to plaintiff, and must resolve all doubts in favor of jurisdiction (see Brandt, 273 AD2d at 430). Here, plaintiff failed to meet its burden. Plaintiff's opposition papers consisted only of the affirmation of its counsel, who had no personal knowledge of the underlying facts (see Carte v Parkoff, 152 AD2d 615 [1989]). Plaintiff failed to produce evidence showing a jurisdictional basis for the service (see CCA 404; Matter of New York Cent. Mut. Ins. Co. v Johnson, 260 AD2d 638 [1999]; see also Matter of Hereford Ins. Co. v American Ind. Ins., 136 AD3d 551 [2016]). 
In view of the foregoing, we do not consider plaintiff's other arguments. 
Accordingly, the order, insofar as appealed from, is affirmed.
ALIOTTA, J.P., PESCE and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 09, 2019