Matter of MTA Bus Co. v Responsive Auto Ins. Co. (2020 NY Slip Op 00487)





Matter of MTA Bus Co. v Responsive Auto Ins. Co.


2020 NY Slip Op 00487


Decided on January 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2020

Renwick, J.P., Manzanet-Daniels, Kern, Oing, González, JJ.


10838 451207/18

[*1] In re MTA Bus Company, Petitioner-Respondent,
v
Responsive Auto Insurance Company, Respondent-Appellant.


Law Offices of James F. Sullivan, P.C., New York (William R. Larkin of counsel), for appellant.
Jones Jones LLC, New York (Jacqueline R. Mancino of counsel), for respondent.



Judgment (denominated decision and order), Supreme Court, New York County (Debra A. James, J.), entered December 21, 2018, which granted MTA Bus Company's (MTA) petition to confirm an arbitration award, dated April 5, 2018, in favor of MTA and against respondent insurer in the amount of $50,000 plus statutory interest, and denied the insurer's cross petition, inter alia, to vacate the arbitration award, unanimously reversed, on the law, without costs, the petition denied and the cross petition granted, and the arbitration award vacated.
The self-insured petitioner commenced an arbitration proceeding in New York against respondent insurer pursuant to New York Insurance Law § 5105 for reimbursement of worker's compensation benefits it paid to its employee in connection with a motor vehicle accident that involved respondent insurer's insured's vehicle. The arbitration panel rejected respondent insurer's argument that the panel did not have personal jurisdiction over it. The arbitration panel then found respondent insurer's insured to be 100% liable for the cause of the accident.
Contrary to the panel's finding, respondent insurer, based in Florida, established a prima facie case that New York lacked jurisdiction over it as it did not do business in New York or otherwise transact business in New York (CPLR 301, 302), was not licensed to do business in New York, and did not own property in New York (see generally ABKO Music, Inc. v McMahon, 175 AD3d 1201 [1st Dept 2019]; Matter of American Tr. Ins. Co. v Hoque, 45 AD3d 329 [1st Dept 2007]). The petitioner, in response, failed to present sufficient evidence to demonstrate jurisdiction (ABKO Music at 1202). Under these circumstances, the arbitrator's finding of personal jurisdiction was arbitrary and capricious.
Petitioner's argument that the panel had personal jurisdiction over respondent insurer simply because the arbitration occurred in New York and respondent fully participated in such proceeding
without seeking a stay, is unavailing (see generally Matter of Hereford Ins. Co. v American Ind. Ins., 136 AD3d 551 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 23, 2020
CLERK