Metro Health Products, Inc., as Assignee of Samuels, Nestalee, Appellant,
against
Maryland Auto Insurance Fund, Respondent. 




The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Jeffrey G. Lerman, P.C. (Jeffrey G. Lerman of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin S. Garson, J.), entered June 25, 2018. The order granted defendant's motion, pursuant to, among other things, CPLR 3211 (a) (8), to dismiss the complaint for lack of personal jurisdiction and denied plaintiff's "cross motion" for summary judgment.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved, pursuant to, among other things, CPLR 3211 (a) (8), to dismiss the complaint. Plaintiff opposed defendant's motion and "cross-moved" for summary judgment. In support of its motion, defendant alleged, among other things, that it conducts no business in the State of New York, including that it does not issue insurance policies here and has no sales representative or agent within the State, and is not licensed to transact business within the State of New York. In an order entered June 25, 2018, defendant's motion was granted and plaintiff's cross motion was denied.
Upon defendant's prima facie showing that the Civil Court lacked personal jurisdiction over this nonresident on the ground that there was no jurisdictional basis for suit in the Civil Court of the City of New York (see CCA 404), the burden shifted to plaintiff, which purported to have effectuated service by mail to the out-of-state defendant, to establish that it had a jurisdictional basis for the service, as plaintiff "carries the ultimate burden of proof on that issue" [*2](Opticare Acquisition Corp. v Castillo, 25 AD3d 238, 243 [2005]; see also Sanchez v Major, 289 AD2d 320 [2001]; Brandt v Toraby, 273 AD2d 429 [2000]; Cushley v Wealth Masters Intl., 29 Misc 3d 144[A], 2010 NY Slip Op 52221[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). In determining whether a plaintiff has met its burden, a court must construe the pleadings, affidavits and other evidentiary materials in a light most favorable to plaintiff, and must resolve all doubts in favor of jurisdiction (see Brandt, 273 AD2d at 430). Here, plaintiff failed to meet its burden. Plaintiff's opposition papers consisted only of the affidavit of its owner attesting to the mailing policies and procedures of plaintiff, and the affirmation of its counsel, who had no personal knowledge of the underlying facts (see Carte v Parkoff, 152 AD2d 615 [1989]). Plaintiff failed to produce evidence showing a jurisdictional basis for the service (see CCA 404; Matter of New York Cent. Mut. Ins. Co. v Johnson, 260 AD2d 638 [1999]; see also Matter of Hereford Ins. Co. v American Ind. Ins., 136 AD3d 551 [2016]). 
In view of the foregoing, we do not consider plaintiff's other arguments.
Accordingly, the order is affirmed.
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 14, 2020