■ ALTHEA BRAMWELL, Respondent, v ELLEN M. TUCKER, Appellant, et al., Defendants. — In a negligence action to recover damages for personal injuries, defendant Ellen M. Tucker appeals from an order of the Supreme Court, Kings County (Scholnick, J.), dated December 22, 1983, which denied her motion to dismiss the complaint insofar as it is asserted against her upon the ground that the court had no jurisdiction over her person.

Order reversed, on the law, with costs, defendant Tucker's motion to dismiss granted, and complaint dismissed, insofar as it is asserted against her.

According to the allegations of the complaint, plaintiff was injured in a motor vehicle accident which occurred in the State of New Jersey. Plaintiff, a New York domiciliary, was a passenger in a vehicle owned by George Lindo and operated by Winsome Bramwell, both of whom were also New York domiciliaries. That vehicle was involved in a collision with a vehicle owned and operated by Ellen Tucker, whose domicile was in New Jersey. Plaintiff commenced this personal injury action against Lindo, Bramwell and Tucker in the Supreme Court, Kings County.

Defendant Tucker was served with a summons and complaint by certified mail at her home in New Jersey. The summons recited the following: "JURISDICTION PURSUANT TO LONG ARM, CPLR 308 (a) [*sic*]".

Defendant Tucker then moved, *inter alia,* to dismiss the complaint as against her upon the ground that there was no jurisdiction of her person (CPLR 3211, subd [a], par 8). Special Term denied the motion. We now reverse.

The long-arm statute (CPLR 302, subd [a]) provides, in pertinent part: "(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent * * *

"3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

"(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

"(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce".

In this case, plaintiff did not sustain her burden of establishing jurisdiction over the person of defendant Tucker under the statute (see, e.g., *Augsbury Corp. v Petrokey Corp.,* 97 AD2d 173, 176; *Badger v Lehigh Val. R. R. Co.,* 45 AD2d 601, 603; see, also, *Peterson v Spartan Inds.,* 33 NY2d 463; 1 Weinstein-Korn-Miller, NY Civ Prac, par 301.07). There has been no showing that the alleged tortious act committed without the State caused "injury to person or property within the state" (CPLR 302, subd [a], par 3). The mere residence or domicile in New York of an injured plaintiff does not constitute injury within the State for the purpose of establishing jurisdiction under this statute where

the injury actually occurred elsewhere (see, e.g., *McGowan v Smith*, 52 NY2d 268, 274-275; *Fantis Foods v Standard Importing Co.*, 49 NY2d 317, 326-327). " 'CPLR 302 (subd. [a], par. 3) looks to the imparting of the original injury within the State of New York and not resultant damage, in order that jurisdiction might be effectuated. To hold otherwise would open a veritable Pandora's box of litigation subjecting every conceivable prospective defendant involved in an accident with a New York domiciliary to defend actions brought against them in the State of New York' " (*Kramer v Hotel Los Monteros*, 57 AD2d 756, 757, mot for lv to app den 43 NY2d 649, quoting *Black v Oberle Rentals*, 55 Misc 2d 398, 400). Inasmuch as the alleged negligence of defendant Tucker, a nondomiciliary, did not cause an injury within the State of New York, there is an insufficient predicate for the exercise of in personam jurisdiction over her under CPLR 302 (subd [a], par 3) (*Porcello v Brackett*, 85 AD2d 917, affd 57 NY2d 962). Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.