**Sonia MORALES, Plaintiff,**

v.

**Timothy W. SCHOFIELD, Isidro L. Morales, and Premier Car Rental, Inc., Defendants.**

**No. CV 95–5054(ADS).**

United States District Court, E.D. New York.

July 19, 1997.

Richard H. Cunningham, Smithtown, NY (Douglas Valente, of counsel), for Plaintiff.

Claire & MacDonnell, Garden City, NY, for Defendant Premier Car Rental, Inc.

Mirotznik & Cava, P.C., East Meadow, NY (Robert J. Cava, of counsel), for Defendant Timothy Schofield.

Isserlis & Sullivan, Bethpage, NY (Kevin B. Burke, of counsel), for Defendant Isidro Morales.

## MEMORANDUM DECISION AND ORDER

SPATT, District Judge.

This diversity action arises from the claims of the plaintiff, Sonia Morales ("Sonia" or the "plaintiff"), that she sustained personal injuries as a result of an automobile accident caused by the negligence of the defendants. The plaintiff moves pursuant to this Court's November 2, 199 order for leave to file an amended complaint discontinuing this action against the defendant Isidro Morales ("Isidro") in order to preserve this Court's diversity of citizenship jurisdiction. The defendant Timothy Schofield ("Schofield") moves to dismiss the complaint as to him for lack of personal jurisdiction. The plaintiff opposes Schofield's motion and moves in the alternative to have this case transferred to the appropriate venue should personal jurisdiction be lacking.

## I. *Background*

Unless otherwise indicated, the following facts are taken from the Complaint. Sonia Morales is a New York resident, as is the defendant Isidro Morales. According to the Complaint, the defendant Timothy Schofield is a resident of Rhode Island. In his motion papers, he states that he no longer resides in Florida. The defendant Premier Car Rental, Inc. ("Premier") is an Ohio corporation with its principal place of business in Beechwood, Ohio.

On December 31, 1993, the plaintiff was a passenger in a car owned by Premier and being driven by Isidro westbound on Route 1a near the intersection of Route 1 and Route 1a in Attleboro, Massachusetts. While traveling near this intersection, the car in which Sonia was a passenger collided with an automobile being driven by Schofield along Route 1. The plaintiff alleges that as a result of the accident, she suffered serious injuries.

Sonia commenced this action by the filing of Summons and Complaint on December 8, 1995. She seeks an award of damages based on the alleged negligence of the defendants. The plaintiff relies on the Court's diversity of citizenship jurisdiction in bringing this action in the federal district court.

## II. *Discussion*

### A. *The plaintiff's motion for leave to file an amended complaint*

#### 1. *The standard*

■ Federal Rule of Civil Procedure 15(a) provides that "leave to amend a complaint shall be freely given when justice so requires." *See Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir.1995); *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993). Only "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... [or] futility of the amendment" will serve to prevent an amendment prior to trial. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *accord Zahra*, 48 F.3d at 685; *Block*, 988 F.2d at 350 ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.").

■ In determining what constitutes "prejudice," court are to consider whether the assertion of the new claim: (1) requires the opponent to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delays the resolution of the dispute; or (3) prevents the plaintiff from bringing a timely action in another jurisdiction. *Block*, 988 F.2d at 350 (citing cases). " 'Mere delay, however, absent a

showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.'" *Id.,* (quoting *State Teachers Retirement Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir.1981)).

### 2. *The plaintiff's motion*

Sonia moves for leave to amend the complaint and dismiss her claims with respect to defendant Isidro Morales in order to preserve the Court's diversity of citizenship jurisdiction. The federal courts are courts of limited jurisdiction. *See* U.S. Const. art III. Subject matter jurisdiction may be grounded in diversity of citizenship where the parties are from different states and the amount in controversy is greater than the jurisdictional minimum—at the time this case was filed, $50,000. *See* 28 U.S.C. § 1332(a)(1). The diversity requirement mandates complete diversity, namely that none of the plaintiffs be from the same state as any of the defendants. Where a plaintiff and defendant are from the same state, diversity jurisdiction will not exist. *See, e.g., Owen Equipment and Erection Co. v. Kroger,* 437 U.S. 365, 375, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978); *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806), *overruled on other grounds,* 43 U.S. (2 How.) 497, 555, 11 L.Ed. 353 (1844); *Doctor's Assocs., Inc. v. Distajo,* 66 F.3d 438, 445 (2d Cir. 1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1352, 134 L.Ed.2d 520 (1996), citing, *C.T. Carden v. Arkoma Assocs.,* 494 U.S. 185, 187, 110 S.Ct. 1015, 1016–17, 108 L.Ed.2d 157 (1990); *Curley v. Brignoli, Curley & Roberts Assocs.,* 915 F.2d 81, 84 (2d Cir.1990), *cert. denied,* 499 U.S. 955, 111 S.Ct. 1430, 113 L.Ed.2d 484 (1991).

With respect to dismissal of a litigant, Federal Rule of Civil Procedure 21 provides that a party to an action may be "dropped or added" to a litigation upon "motion of any party ... at any stage of the action ... on such terms as are just." Fed.R.Civ.P. 21. Consistent with Rule 21, the Second Circuit's decision in *Samaha v. Presbyterian Hosp.,* 757 F.2d 529 (2d Cir.1985), addressing dismissal of non-diverse joint tortfeasor, is instructive.

In *Samaha,* the plaintiff, a New Jersey resident, filed a personal injury suit against a hospital, seven physicians and one nurse. Four of the individual defendants were also from New Jersey, and the defendants moved to dismiss the matter for lack of subject matter jurisdiction. In response to the motion, the plaintiff moved to amend the complaint and drop the New Jersey defendants in order to obtain proper diversity. The district court denied the plaintiff's motion for leave to amend and granted the defendants' motion to dismiss.

■ On appeal, the Second Circuit reversed finding that " 'unless it appears that a non-diverse defendant cannot be dropped from an action without prejudice to the remaining defendants, the [Rule 15(a) ] motion should be granted and the failure to do so is an abuse of discretion.'" *Id.* at 531, quoting, *Kerr v. Compagnie De Ultramar,* 250 F.2d 860, 864 (2d Cir.1958); *see also Jaser v. New York Property Ins. Underwriting Ass'n,* 815 F.2d 240, 243 (2d Cir.1987). The key to the analysis is prejudice, which is the same standard as that used to determine whether a party is indispensable:

> And the question always is or should be, when objection is taken to the jurisdiction of the court by reason of the citizenship of some of the parties, whether, to a decree authorized by the case presented, they are indispensable parties, for if their interests are severable and a decree without prejudice to their rights can be made, the jurisdiction of the court should be retained and the suit dismissed as to them.

*Id.,* citing, *Horn v. Lockhart,* 84 U.S. (17 Wall.) 570, 579, 21 L.Ed. 657 (1873). The fact that the defendants are merely joint tortfeasors, without more, will not constitute prejudice "since it is settled federal law that joint tortfeasors are not indispensable parties." *Id.* (citations omitted).

■ As set forth above, Sonia brings her motion for leave to amend the Complaint to discontinue this action against Isidro, in order to preserve this Court's diversity of citizenship jurisdiction. Both Sonia and Isidro are New York residents. As a result, naming Isidro as a defendant—joint tortfeasor destroyed this Court's diversity jurisdiction.

As *Samaha* advises, in this context, failure to permit Sonia to discontinue her claims against Isidro would constitute an abuse of discretion subject to reversible error. Accordingly, the plaintiff's motion for leave to file an amended complaint discontinuing these claims is granted.

In reaching this conclusion, the Court recognizes Premier's argument that Isidro is an indispensable party who should remain in this litigation. The Court notes however, that this proposition runs directly counter to the teachings of *Samaha,* and that Premier sets forth no authority in case law or otherwise in support of its position. Further, the Court notes that should Premier ultimately be held liable in this action, there is nothing to prevent Premier from bringing third-party action for contribution or indemnification as the law may allow.

### B. *Schofield's motion to dismiss for lack of personal jurisdiction*

■ Schofield moves to dismiss the claims as to him for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). Personal jurisdiction of a federal court over a non-domiciliary is governed by the law of the state where the federal court sits—in this case New York—subject of course, to constitutional limitations. *See Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 510 (2d Cir.1994). New York's long arm statute provides for jurisdiction over non-domiciliaries in relevant part:

**Personal Jurisdiction by acts of non-domiciliaries**

**(a) Acts which are the basis of jurisdiction.** As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, ... who in person or through an agent:

\*     \*     \*     \*     \*     \*

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

(i) regularly does or solicits business, or engages in any other course of

conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce....

N.Y. Civ. L. & R. ("CPLR") § 302. The burden of establishing personal jurisdiction is on the plaintiff. *Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.,* 84 F.3d 560, 566 (2d Cir.1996); *Rounds v. Rea,* 947 F.Supp. 78, 82 (W.D.N.Y.1996); *PC COM, Inc. v. Proteon, Inc.,* 906 F.Supp. 894, 904 (S.D.N.Y.1995).

The New York courts that have addressed cases where a New York plaintiff is injured in an automobile accident outside the state by a non-domiciliary who has no other New York contacts, have held that there is no personal jurisdiction over the defendant. *See Lancaster v. Colonial Motor Freight Line, Inc.,* 177 A.D.2d 152, 581 N.Y.S.2d 283 (1st Dep't 1992); *Bramwell v. Tucker,* 107 A.D.2d 731, 484 N.Y.S.2d 92 (2d Dep't 1985). In *Lancaster,* the plaintiff was a New York resident who was seriously injured in a car accident in South Carolina. After analyzing several portions of the New York long arm statute not relevant here, the First Department rejected the possibility of long arm jurisdiction based on the fact that the plaintiff experienced her pain and suffering in New York:

While subdivision (a)(3) of § 302, which provides jurisdiction under the specified circumstances where the non-domiciliary "commits tortious act without the state causing injury to person or property within the state ...," may superficially appear to have some relevance to the case at hand, upon more careful analysis it is clear that it does not apply here, because the out of state tortious act did not cause injury in New York within the meaning of the statute. Here the injury actually occurred in South Carolina notwithstanding that plaintiff's pain and suffering largely took place in New York, her place of domicile. The thrust of the statute is directed to the "imparting of the original injury within the State of New York and not the resultant

damage, in order that jurisdiction might be effectuated". (*Bramwell v. Tucker*, 107 A.D.2d 731, 733, 484 N.Y.S.2d 92, *quoting Kramer v. Hotel Los Monteros*, 57 A.D.2d 756, 757, 394 N.Y.S.2d 415, lv. denied, 43 N.Y.2d 649, 403 N.Y.S.2d 1028, 374 N.E.2d 1249.)

*Lancaster*, 581 N.Y.S.2d at 287–88. As the Second Department recognized in *Bramwell*, "[t]o hold otherwise would open a veritable Pandora's box of litigation subjecting every conceivable prospective defendant involved in an accident with a New York domiciliary to defend actions brought against them in the State of New York." *Bramwell*, 484 N.Y.S.2d at 93.

■ Applying these standards, the Court finds that it lacks personal jurisdiction over the defendant, Timothy Schofield. At the time of the accident, the defendant was a resident of Rhode Island. Since that time, he has relocated to Florida. According to his supporting papers, Schofield conducts no business in New York, has no real property in New York and has "no contacts whatsoever with the State of New York." Affirmation of Robert J. Cava, July 24, 1996 ¶ 9–10. The plaintiff does not refute these contentions. She responds only that:

the defendant Schofield's affidavit does not present sufficient evidence that said defendant does not operate an out-of-state business which derives substantial revenue from New York, or engages in a persistent course of conduct here, or contracts out of state for supply of goods or services that foreseeably would end up in New York, or was not in furtherance of some business agent for some other entity during the complained of occurrence that suffice to establish requisite minimum contact under [section 302(a) ].

Pl. Mem. of Law at 2. Such a broad conclusory allegation does not suffice to make even a prima facie showing of personal jurisdiction over the defendant Schofield. *See Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.1981) (stating the a plaintiff need only make a prima facie showing of personal jurisdiction where the motion is decided on affidavits and other supporting materials).

### C. *Transfer of venue*

The plaintiff moves for a transfer of venue in the event that the Court determines that personal jurisdiction over Schofield is lacking. At the outset, the Court notes that it is not clear whether Sonia invokes 28 U.S.C. § 1404(a) or § 1406(a) as the basis for her motion.

Section 1404(a) provides:

For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

Section 1406(a) provides:

The district court of a district in which is filed a case laying in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).

Despite the apparent clear language of the statutes, the Second Circuit has recognized that the district courts have the authority under both sections to transfer a case "in the interests of justice" even where personal jurisdiction is lacking and venue is improper. *Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 80 (2d Cir.1978) (recognizing that the courts need not necessarily decide whether to transfer a case under section 1404(a), as opposed to section 1406(a) where the transfer is in the interests of justice); *see Tomchuck v. Union Trust Co.*, 875 F.Supp. 242, 243 (S.D.N.Y.1995) (recognizing that a transfer of venue may be granted even in the absence of personal jurisdiction); *Troyer v. Karcagi*, 488 F.Supp. 1200, 1206–07 (S.D.N.Y.1980). The "interests of justice" include transferring the case to a venue where personal jurisdiction is proper so that the merits of the plaintiff's claims may be reached. *See Corke*, 572 F.2d at 80.

■ Applying these standards, the Court grants the plaintiff's motion to transfer venue and this case will be transferred to the United States District Court for the District of Massachusetts, where both venue and per-

sonal jurisdiction are proper. *See* 28 U.S.C. § 1391(a)(2) (laying venue where "a substantial part of the events or omissions giving rise to the claim occurred ..."); Mass. Gen. Laws Ch. 223A, § 3 ("[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action ... (c) arising from the person's ... causing tortious injury by an act or omission in this commonwealth"); *see Torres v. Torres*, 603 F.Supp. 440, 441–42 (E.D.N.Y.1985) (McLaughlin, J.); (transferring automobile accident case from New York to Pennsylvania—the scene of the accident—after determining that the New York District Court lacked personal jurisdiction over the out of state defendant); *Riordan v. W.J. Bremer, Inc.*, 466 F.Supp. 411, 417 (S.D. Ga.1979) (transferring automobile accident case from Georgia to South Carolina, which was the scene of the accident, rather than decide the jurisdictional issues).

In reaching this decision, the Court recognizes that, there will be no greater inconvenience to the defendants Schofield and Premier. They will not have to travel a much greater distance to get to Massachusetts rather than New York. Also, because the accident occurred in Massachusetts, witnesses are most likely to be found there. *See Hernandez v. Graebel Van Lines*, 761 F.Supp. 983, 987 (E.D.N.Y.1991) (addressing traditional concerns such as convenience of the parties and the convenience and location of witnesses when considering a motion to transfer venue pursuant to 28 U.S.C. § 1404(a)).

III. *Conclusion*

Having reviewed the parties' submissions, it is hereby

ORDERED, that the plaintiff's motion for leave to file an amended complaint discontinuing this action against the defendant Isidro Morales is granted; it is further

ORDERED, that the defendant, Timothy Schofield's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) is denied; and it is further

ORDERED, that the plaintiff's motion to transfer this case to the United States Dis-

trict Court for the District of Massachusetts is granted and the Clerk of the Court is directed to transfer the case file to that district forthwith.

SO ORDERED.