**Victoria MALDONADO and Julio Maldonado, Plaintiffs,**

**v.**

**Marten M. ROGERS and Carol Rogers, Defendants.**

**No. 99–CV–1599.**

United States District Court, N.D. New York.

June 7, 2000.

The Law Offices of Daniel J. Persing, Albany, NY, for plaintiffs, Daniel J. Persing, of counsel.

Carter, Conboy, Case, Blackmore, Napierski & Maloney, P.C., Albany, NY, for defendants, Blair W. Todt, of counsel.

### MEMORANDUM—DECISION & ORDER

McAVOY, District Judge.

The present action arises out of a Complaint filed on October 1, 1999 by Victoria and Julio Maldonado ("Plaintiffs") against Marten and Carol Rogers ("Defendants")

for injuries sustained in connection with an automobile accident on I–84 near West Hartford, Connecticut. Plaintiff Victoria Maldonado, a passenger at the time of the accident, brings a negligence claim against Defendants and seeks compensatory damages of $750,000.00 for physical injuries resulting from the accident. Plaintiff Julio Maldonado asserts a loss of consortium claim and seeks compensatory damages of $250,000.00. Presently before the Court is Defendants' motion to dismiss the Complaint for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2).[1] This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## I. Background

Certain preliminary facts are not disputed by the parties. Plaintiffs reside in New York and Defendants reside in Massachusetts. The automobile accident that is the subject of the instant litigation occurred in Connecticut. See Compl. at §§ 2–3, 7; Pls.Mem. of Law at 1; Defs.Mem. of Law at 2. With these basic facts in mind, the Court will turn to the Plaintiffs' allegations surrounding the accident.

On October 4, 1996, Plaintiff Julio Maldonado was driving westbound in the left lane on I–84 in the area of West Hartford, Connecticut. Plaintiff Victoria Maldonado was sitting in the passenger's side of the automobile. While stopped for traffic, Defendant Marten Rogers allegedly failed to stop, thereby striking the rear of Plaintiffs' automobile and pushing it into the rear of another automobile.

The parties commenced discovery through service of interrogatories, discovery demands and a notice to take deposi-

tion. See Affidavit of Daniel J. Persing, Esq. ("Persing Aff.") at §§ 9–10. Presently, Plaintiffs answered Defendants' demand for collateral sources and expert information and served a response to Defendants' omnibus discovery demand and interrogatories. See id. at Ex. B. Defendants, however, apparently filed the instant motion in lieu of responding to Plaintiffs' discovery demands. See id. at § 11; Pls.Mem. of Law at 1–2.

## II. Discussion

Because Defendants move pursuant to Rule 12(b)(2) to dismiss the present action for lack of jurisdiction, the Complaint and materials submitted outside the pleadings "are to be construed, and any doubts are to be resolved, in the light most favorable to the [P]laintiff[s]." *Pilates, Inc. v. Pilates Inst., Inc.,* 891 F.Supp. 175, 178 (S.D.N.Y.1995); see also *CutCo Indus., Inc. v. Naughton,* 806 F.2d 361, 365 (2d Cir.1986); *Rothstein v. Carriere,* 41 F.Supp.2d 381, 384 (E.D.N.Y.1999); *American Property Consultants, Ltd. v. Walden Lisle Assocs., L.P.,* 1997 WL 394617, at *4 (S.D.N.Y. July 14, 1997) ("[I]t is well-settled that in considering jurisdictional motions, the [c]ourt may consider evidence outside of the pleadings in reaching its decision without necessitating the use of Rule 56.") (quotation omitted).

Where subject matter jurisdiction is predicated upon diversity of the parties, the law of the forum state applies in determining whether a plaintiff has personal jurisdiction over a defendant. See *PDK Labs, Inc. v. Friedlander,* 103 F.3d 1105, 1108 (2d Cir.1997); *Agency Rent–A–Car Sys., Inc. v. Grand Rent–A–Car Corp.,* 98

---

1. In his reply affidavit, Defendants' counsel contends that Defendants' motion "should prevail on its face" because Plaintiffs failed to file a response to Defendants' Statement of Material Facts. See Reply Affidavit of Blair W. Todt, Esq. at § 3. This argument misreads this District's Local Rules. Because Defendants move to dismiss the Complaint pursuant to Rule 12 rather than move for summary judgment, a Statement of Material Facts is not required. See N.D.N.Y.L.R. 7.1(a)(3). Moreover, failure to submit a responsive Statement of Material Facts does not mandate granting of the movant's motion. Rather, "facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party." Id. Accordingly, Defendants' motion to dismiss the Complaint on this ground is denied.

F.3d 25, 29 (2d Cir.1996); *CutCo Indus. Inc.*, 806 F.2d at 365. Thus, the Court will look to New York's long-arm statute to determine whether personal jurisdiction over Defendants exists. "If the exercise of jurisdiction is appropriate under that statute, the court then must decide whether such exercise comports with the requisites of due process." *Bensusan Restaurant Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997); *see also Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir.1999). The Court is mindful, however, that the existence of personal jurisdiction is, in the end, an individualized inquiry that is "necessarily fact sensitive because each case is dependent upon its own particular circumstances." *PDK Labs, Inc.*, 103 F.3d at 1108 (quotation omitted).

■ The plaintiff bears the ultimate burden of establishing jurisdiction over a defendant. *See Bank Brussels Lambert*, 171 F.3d at 784; *Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 566 (2d Cir.1996). Plaintiff's burden, however, differs based on the procedural posture of the case. As the Second Circuit recently stated in *Bank Brussels Lambert:*

> Where a court [has chosen] not to conduct a full-blown evidentiary hearing on the motion, the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials. Where ... the parties have conducted extensive discovery regarding the defendant's contacts with the forum state, but no evidentiary hearing has been held—the plaintiff's prima facie showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that, if credited by [the ultimate trier of fact], would suffice to establish jurisdiction over the defendant.

171 F.3d at 784 (brackets in original) (internal quotations omitted).

Thus, "[i]f the court chooses not to conduct a full-blown evidentiary hearing on the motion, the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials." *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.1981); *see also Metropolitan Life Ins. Co.*, 84 F.3d at 566–67; *PDK Labs, Inc.*, 103 F.3d at 1108; *CutCo Indus., Inc.*, 806 F.2d at 365 ("Although ... the plaintiff has the ultimate burden of establishing jurisdiction over defendant by a preponderance of the evidence, ... until an evidentiary hearing is held, it need make only a prima facie showing by its pleadings and affidavits that jurisdiction exists.") (citations omitted). Accordingly, because discovery is not complete and the court has not held an evidentiary hearing, Plaintiffs "need offer only prima facie evidence of personal jurisdiction." *Rothstein*, 41 F.Supp.2d at 385.

In the present case, Plaintiffs contend that jurisdiction over Defendants exists under New York's long-arm statute, N.Y.C.P.L.R. § 302(a)(3), *see* Pls.Mem. of Law at 3, which provides, in pertinent part:

> (a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> . . .
>
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
>> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>>
>> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial reve-

nue from interstate or international commerce. . . .

N.Y.C.P.L.R. § 302(a)(3) (McKinney 1990). Thus, section 302(a)(3) permits New York courts to "exercise jurisdiction over a non-domiciliary who commits a tortious act without the state, causing injury to person or property within the state." *Bensusan Restaurant Corp.*, 126 F.3d at 29. Significantly, section 302(a)(3) provides certain limitations; the exercise of jurisdiction under subparagraph (a)(3) is restricted to "persons who expect or should reasonably expect the tortious act to have consequences in the state and in addition derive substantial revenue from interstate commerce." *Id.*

Defendants argue that this Court lacks personal jurisdiction over them where the sole basis of jurisdiction is that Plaintiffs were injured in an automobile accident outside New York by a nondomiciliary but reside and suffer resultant pain and suffering in New York. *See* Defs.Mem. of Law at 4–5. In response, Plaintiffs argue, in conclusory fashion, that: (1) there was injury to Plaintiffs in New York; (2) Defendants should have reasonably foreseen that their actions would have consequences in New York; and (3) they are entitled to conduct discovery to establish that Defendants derive substantial revenue from interstate or international commerce. *See* Pls.Mem. of Law at 4–5. The Court will address each of these points to determine whether Plaintiffs sufficiently allege a prima facie showing that personal jurisdiction exists.

■ Plaintiffs' reliance on the fact that they reside in New York and suffer resultant damages, e.g., medical expenses and pain and suffering, in New York is insufficient to satisfy the " 'direct injury within the State' " requirement under section 302(a)(3) in an instance where the accident at issue occurred outside of New York. *Napora v. Longnecker*, 1998 WL 89355, at *4 (W.D.N.Y. Feb.20, 1998) (quoting *Fantis Foods, Inc. v. Standard Importing Co., Inc.*, 49 N.Y.2d 317, 326, 425 N.Y.S.2d 783, 402 N.E.2d 122 (1980) ("It has ... long

been held that the residence or domicile of the injured party within a State is not a sufficient predicate for jurisdiction, which must be based upon a more direct injury within the State and a closer expectation of consequences within the State than the indirect financial loss resulting from the fact that the injured person resides or is domiciled there.")). This point is specifically addressed in the Practice Commentaries following CPLR § 302:

> An injury does not occur in New York simply because the plaintiff is domiciled there. For example, ... an injury received in Massachusetts does not become a New York injury simply because the plaintiff is a New York resident who comes back to this state with permanent scars and who suffers a permanent loss of income in New York. This is an eminently sound holding for to have concluded otherwise would, in effect, subject all the world to jurisdiction in New York anytime a New York domiciliary was injured.

N.Y.C.P.L.R. § 302 Practice Commentaries C302:20 (1990) (internal citations omitted).

Courts interpreting the scope of section 302(a)(3) have reached a similar conclusion. *See Rothstein*, 41 F.Supp.2d at 385; *Schechter v. Tauck Tours, Inc.*, 17 F.Supp.2d 255, 262–63 n. 33 (S.D.N.Y. 1998); *Morales v. Schofield*, 174 F.R.D. 253, 257 (E.D.N.Y.1997) (automobile accident in Massachusetts between New York resident and Rhode Island resident); *Avato v. Walker Mfg. Co.*, 706 F.Supp. 300, 303 (S.D.N.Y.1989); *Crimi v. Elliot Bros. Trucking Co.*, 279 F.Supp. 555, 556 (S.D.N.Y.1968) (holding that section 302(a)(3) did not confer personal jurisdiction in New York courts over Delaware domiciliary, an interstate truck driver, in diversity action against truck driver for death of plaintiff's intestate, a New York resident, who was killed when struck by a tractor-trailer in Connecticut since actual injury caused by alleged tort was death of

intestate in Connecticut); *Lancaster v. Colonial Motor Freight Line, Inc.*, 177 A.D.2d 152, 581 N.Y.S.2d 283, 287 (1st Dep't 1992) (automobile accident in South Carolina); *Bramwell v. Tucker*, 107 A.D.2d 731, 484 N.Y.S.2d 92, 93 (2d Dep't 1985) (automobile accident in New Jersey between New York resident and New Jersey resident); *Black v. Oberle Rentals, Inc.*, 55 Misc.2d 398, 285 N.Y.S.2d 226, 229 (Sup. Ct.1967) ("Section 302(a)(3) ... looks to the imparting of the original injury within the State of New York and not resultant damage, in order that jurisdiction might be effectuated.").

In holding that the out-of-state tortious act did not cause injury in New York within the meaning of section 302(a)(3), the First Department in *Lancaster* stated:

> Here the injury actually occurred in South Carolina notwithstanding that plaintiff's pain and suffering largely took place in New York, her place of domicile. The thrust of the statute is directed to the imparting of the original injury within the State of New York and not resultant damage, in order that jurisdiction might be effectuated.

581 N.Y.S.2d at 287 (quotations and citations omitted). As the Second Department recognized in *Bramwell*, "[to] hold otherwise would open a veritable Pandora's box of litigation subjecting every conceivable prospective defendant involved in an accident with a New York domiciliary to defend actions brought against them in the State of New York." 484 N.Y.S.2d at 93 (internal quotations and citations omitted).

As previously noted, the parties do not dispute that Plaintiffs are New York residents and Defendants are Massachusetts residents and that the accident at issue occurred in Connecticut. In addressing this point in their Memorandum of Law, Plaintiffs argue that "the injury inflicted upon Ms. Maldonado is of a direct nature to come under the purview of [section 302(a)(3) ]...." Pls.Mem. of Law at 5. This argument is at best conclusory and is inconsistent with well-settled precedent finding no injury within the state under similar circumstances for the purposes of section 302(a)(3). Accordingly, because Plaintiffs are unable to satisfy the "causing injury to person ... within the state" requirement in section 302(a)(3), personal jurisdiction over Defendants on that basis does not exist.

An examination of Plaintiffs' allegations with respect to the requirements of subparagraph (a)(3)(ii) are equally insufficient to confer personal jurisdiction over Defendants.

With respect to the first prong of subparagraph (a)(3)(ii), Plaintiffs argue that "[i]t is difficult to believe in this instance that the defendants in this action, non-domiciliaries, after colliding with Maldonado's vehicle, should not have reasonably foreseen consequences in New York." *Id.* This element is not alleged in the Complaint.

Like Plaintiffs' other arguments, this argument is a broad conclusory allegation lacking *any* facts to support that conclusion. *See Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184–85 (2d Cir.1998) ("This conclusory statement is but a restatement, with slight changes, of the legal standard for determining agency.... It states no facts supporting that conclusion and does not constitute a prima facie showing of agency."); *Morales*, 174 F.R.D. at 258; *see also Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) ("[W]e are not bound to accept as true a legal conclusion couched as a factual allegation."). The flaw in Plaintiffs' argument is that it would render a defendant amenable to jurisdiction in *any* state depending on the residency of the Plaintiffs without having prior contact with the Plaintiffs' state of residency. Such an approach is inconsistent with cases interpreting section 302(a)(3).

With respect to the second prong of subparagraph (a)(3)(ii), Plaintiffs acknowledge that this requirement is "lacking"

thus far and request further discovery to establish that requirement. *See* Pls.Mem. of Law at 5. Like the first prong of subparagraph (a)(3)(ii), this element is not alleged in the Complaint. Even under the more lenient standard where Plaintiffs must present prima facie evidence of personal jurisdiction prior to an evidentiary hearing being held, Plaintiffs must, at the very least, assert factual allegations to support personal jurisdiction through the pleadings and affidavits submitted by the parties. Here, however, no such factual allegation is even asserted in the Complaint, much less supported by Plaintiffs in their submissions before the Court in connection with the instant motion. Rather, Plaintiffs make a generalized request to conduct discovery that is more akin to a "fishing expedition." *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) (Powell, J.) (concurring opinion) ("A plaintiff is not entitled to discovery to establish essentially speculative allegations necessary to personal jurisdiction."); *Gear, Inc. v. L.A. Gear California, Inc.*, 637 F.Supp. 1323, 1328 (S.D.N.Y.1986) ("Discovery need not be granted to allow plaintiff to engage in an unfounded fishing expedition for jurisdictional facts . . . .") (citation omitted). In the present case, Plaintiffs failed to provide affidavits or any other documentary evidence tending to show that Defendants derive substantial revenue from interstate or international commerce. Because Plaintiffs have failed to make even a "sufficient start" to show jurisdiction over Defendants is proper under subparagraph (a)(3)(ii), *Manhattan Life Ins. Co. v. A.J. Stratton Syndicate (No. 782)*, 731 F.Supp. 587, 593 (S.D.N.Y.1990), they are not entitled to discovery on this issue. *See Jazini*, 148 F.3d at 186; *Lehigh Valley Indus., Inc. v. Birenbaum*, 527 F.2d 87, 94 (2d Cir.1975) (holding that district court did not abuse its discretion in denying discovery where "[t]here [were] no allegations of specific facts which would connect [defendant] with any New York activity."). Thus, Plaintiffs fail to make a prima facie showing that personal jurisdiction over Defendants is proper under N.Y.C.P.L.R. § 302(a)(3).

Because the Court finds that personal jurisdiction over Defendants cannot be exercised under section 302(a)(3) of New York's long-arm statute, the Court need not address the issue of whether the exercise of jurisdiction in the instant case comports with the requirements of due process. *See Bensusan*, 126 F.3d at 27. Accordingly, Defendants' motion to dismiss the Complaint for lack of personal jurisdiction pursuant to FED.R.CIV.P. 12(b)(2) is granted.

In the event the Court determines that personal jurisdiction over Defendants does not exist, Plaintiffs request a transfer of venue "in the interest of judicial economy". *See* Pls.Mem. of Law at 8. Defendants do not address this point in the Reply Affidavit filed by Defendants' counsel. *See generally* Reply Aff. of Blair Todt, Esq. at §§ 1–8.

■ A district court has the discretion to transfer a case in the interests of justice where personal jurisdiction is lacking, whether or not venue is proper. *See Song-Byrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 179 n. 9 (2d Cir.2000); *Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 80 (2d Cir.1978); *Unlimited Care, Inc. v. Visiting Nurse Ass'n of E. Massachusetts, Inc.*, 42 F.Supp.2d 327, 333 (S.D.N.Y.1999); *Morales*, 174 F.R.D. at 258–59. The district court's authority to make such a transfer is derived from either 28 U.S.C. § 1404(a) or § 1406(a).[2] *See SongByrd,*

---

**2.** In cases where the action is dismissed for lack of personal jurisdiction, courts have raised the issue of transferring the case to another district *sua sponte,* "in the interests of judicial economy and to achieve [a]n orderly adjudication on the merits." *McCulley v. Anglers Cove Condominium Ass'n, Inc.*, 977 F.Supp. 177, 180 (E.D.N.Y.1997); *see also Akhta v. Reno*, 2000 WL 280027, at *1 (S.D.N.Y. Mar.15, 2000); *Saferstein v. Paul,*

206 F.3d at 179 n. 9; *Unlimited Care, Inc.,* 42 F.Supp.2d at 333. In deciding whether to exercise its discretion to transfer a case, the district court must determine whether such a transfer is "in the interest of justice." *Corke,* 572 F.2d at 80; *see also Morales,* 174 F.R.D. at 258 ("The 'interests of justice' include transferring the case to a venue where personal jurisdiction is proper so that the merits of the plaintiff's claims may be reached."). Plaintiffs' request to transfer the present action first requires an examination of Connecticut's long-arm statute, which provides, in relevant part:

> (a) As to any cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual ... who in person or through an agent:
>
> . . .
>
> (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act. . . .

CONN.GEN.STAT. § 52–59b(a)(2) (West 2000) ("section 52–59b(a)(2)").

 Because the automobile accident at issue occurred in Connecticut, personal jurisdiction could apparently be exercised over Defendants in Connecticut based on section 52–59b(a)(2). Moreover, witnesses to that accident are likely to be found in Connecticut, *see Morales,* 174 F.R.D. at 259; *see also Zafonte v. Mattel, Inc.,* 2000 WL 516406, at *2 (E.D.N.Y. Mar.20, 2000), and a transfer to Connecticut will pose "no greater inconvenience" to Defendants in terms of travel distance. *Morales,* 174 F.R.D. at 259. Accordingly, based on the language contained in section 52–59b(a)(2), the events giving rise to Plaintiffs' claim, and the fact that Defendants did not oppose Plaintiffs' request to transfer venue in their papers filed in connection with the instant motion, the Court grants Plaintiffs' request and transfers the present action to

the United States District Court for the District of Connecticut, where both venue and personal jurisdiction are proper. *See* 28 U.S.C. § 1391(a)(2); CONN.GEN.STAT. § 52–59b(a)(2).

## III. Conclusion:

For all of the foregoing reasons, it is hereby

**ORDERED,** that Defendants' motion to dismiss the Complaint for lack of personal jurisdiction pursuant to FED.R.CIV.P. 12(b)(2) is **GRANTED,** and it is further

**ORDERED,** that Plaintiffs' request to transfer this case is **GRANTED,** and this case shall be transferred to the United States District Court for the District of Connecticut. The Clerk of the Court is directed to transfer the case to that district.

**IT IS SO ORDERED.**

*Mardinly, Durham, James, Flandreau & Rodger, P.C.,* 927 F.Supp. 731, 736 (S.D.N.Y.1996)

(citing *Lead Indus. Ass'n, Inc. v. OSHA,* 610 F.2d 70, 79–80 n. 17 (2d Cir.1979)).